**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Ann Greer,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>State of Arizona, et. al.,<br><br>　　　　Defendants. | No. CV-09-0139-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Plaintiff's Recusal Motion Affidavit, Combined Exhibits, and Memo of Law (Dkt. # 5). In her Motion Affidavit, Plaintiff asserts that her case should be reassigned to another judge because the Honorable James A. Teilborg is biased against her. Consideration of Plaintiff's recusal motion was assigned to this Court by random lot. For the reasons stated below, Plaintiff's Motion is denied.

**BACKGROUND**

On January 22, 2009, Plaintiff Loretta A. Greer filed prisoner's civil rights complaint (Dkt. # 1) with an accompanying Motion/Application for Leave to Proceed in Forma Pauperis (Dkt. # 3). The Court denied Plaintiffs Motion For Leave to Proceed in Forma Pauperis without prejudice because Plaintiff failed to provide the necessary information required in the form. (Dkt. # 4). Plaintiff then filed her Recusal Motion Affidavit. In the Plaintiff's Recusal Motion Affidavit, she makes what appear to be three assertions. First, she alleges that Judge Teilborg is either actually or at least apparently prejudiced in favor of the

1  State. Second, she alleges that Judge Teilborg has contacted the State Defendants in this case
2  and accepted a bribe from them to "act bias [sic], stall this case, and that he also wants
3  defendants to murder me." Third, she asserts that Judge Teilborg will be a witness in this
4  case. We determine that none of these bases provides an appropriate basis on which Judge
5  Teilborg could recuse.

6  Two statutes govern whether a federal judge must recuse in a particular case. The
7  first, 28 U.S.C. § 144 (2006) states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The second statute 28 U.S.C. § 455 further specifies:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (2006).

In interpreting these statutory provisions the Supreme Court has determined that a court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify. This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Liteky,* 510 U.S. 540, 555 (1994). Thus, statements made in ruling on particular motions establish bias only in extremely rare circumstances. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men, and women, even after

having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id*. at 555-56.

The moving party bears the burden of proving facts sufficient to justify recusal. And, the mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144 does not amount to sufficient proof. First, pursuant to the terms of the statute, the Court must determine whether the claims of bias in the statute are legally sufficient before determining that the Court "shall proceed no further" on the movant's case. The statute "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its integrity and to prevent abuse and insure the orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted).

Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868 F.2d 1328, 1340 (3d. Cir. 1989).

**1.     Allegations of actual or apparent prejudice**

In his order denying without prejudice Plaintiff's Motion to proceed in Forma Pauperis, the Court observed that Plaintiff was a frequent filer with this Court and yet had not disclosed her litigation history which is information that the application requires. The Court further observed that "Plaintiff had a prior action dismissed as a sanction for making materially false statements regarding her litigation history." In Plaintiff's Recusal Motion Affidavit, she asserts, apparently based on this sentence in Judge Teilborg's order that Judge Teilborg "indicated Plaintiff is a lier (sic)." Thus, she asserts, Judge Teilborg is biased and prejudiced towards her or, at least, gives an appearance of being so. Nevertheless, as the Supreme Court has already made clear "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff does not challenge the accuracy of Judge Teilborg's statement that she has previously had a claim dismissed for failure to provide an accurate litigation history. The statement itself, reflecting, as it does, an accurate account of Plaintiff's litigation history in this District, does not provide a basis for disqualification, recusal or reassignment. Nor does it display a "deep-seated favoritism or antagonism that would make fair judgment impossible."

**2. Allegations of Bribery and Conspiracy**

Plaintiff's affidavit alleges that Judge Teilborg is taking bribes from the State to rule in its favor and to stall the Plaintiff's case. She further alleges that Judge Teilborg "wants defendants to murder me." The Plaintiff provides absolutely no basis or circumstance that would support these bald statements. Allegations that are merely conclusory are not a legally sufficient basis on which recusal could be granted. *$292,888.04 U.S. Currency*, 54 F.3d at 566; *Vespe*, 868 F.2d at 1340. We, therefore, do not grant it here.

**3. Witness Status**

Plaintiff finally apparently alleges, that based on the allegations set forth in ¶ 2 above, Judge Teilborg will be a witness in this case. Again, because Plaintiff provides no evidence of any thread from which she has woven the cloth of her allegations against the Judge, she has no meritorious basis on which to move for his recusal.

Based on the forgoing, the Court has determined that neither 28 U.S.C. § 144 nor 28 U.S.C. § 455 require the recusal of Judge Teilborg in this case. Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Recusal Motion Affidavit (Dkt. # 5).

DATED this 3rd day of March, 2009.

G. Murray Snow
United States District Judge